11ROTHSCHILD, Judge,
dissenting.
I have considered the opinion of the majority, and I respectfully disagree.
The arbitration provision at issue provides in pertinent part:
A decision agreed to by two of the arbitrators will be binding as to:
*390 1. Whether the covered person is legally entitled to recover damages; and
2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of Louisiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrator’s decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.
USAA contends that this matter should not proceed to arbitration because any decision awarding the Zelenaks over $10,000 (the minimum limit in LA) is not binding if a demand for a trial is made winthin 60 days of the arbitrators’ decision. The parties agree that the Zelenaks have each received $10,000 from Alstate and that Robert Zelenak has received $14,000 from USAA. Therefore, if the arbitrators determine that the damages are less than $10,000, the plaintiffs cannot recover because they have already received this amount. If the arbitrators determine that the damages exceed $10,000, the arbitration is not binding because USAA is entitled to a trial.
The plaintiffs argue that the arbitration provision is ambiguous L,because it indicates that arbitration is binding if two arbitrators agree, but it is silent regarding when all three arbitrators agree. However, I believe that this is a strained and distorted reading of the contract. The arbitration provisions provide that arbitration is binding if the decision is agreed to by 2 arbitrators, but the parties have a right to a trial if the damages exceed the minimum limit in LA. When three out of three arbitrators agree, that situation is covered by the phrase, “[a] decision agreed to by 2 of the arbitrators will be binding ....,” because when three agree, two agree. I do not believe that the arbitration provision in the contract is ambiguous, and I think that this argument by the plaintiffs is far-reaching and invalid.
I believe that arbitration would be futile and a decision by the arbitrators would be moot, because the plaintiffs have already received the minimum limit for bodily injury Lability in Louisiana and USAA wishes to exercise its right to a trial. Accordingly, I would reverse the trial court and dismiss the arbitration.